# IN THE COURT OF APPEALS OF IOWA

No. 18-1957
Filed February 6, 2019

**IN THE INTEREST OF A.R.,**
**Minor Child,**

**S.B., Mother,**
        Appellant.
_____

        Appeal from the Iowa District Court for Webster County, Angela L. Doyle, District Associate Judge.

        A mother appeals the termination of her parental rights to her child. **AFFIRMED.**

        Jessica L. Morton of Bruner, Bruner & Reinhart LLP, Carroll, for appellant mother.

        Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

        Neven J. Conrad of Baker, Johnsen, Sandblom & Lemmenes, Humboldt, guardian ad litem for minor child.

        Considered by Vogel, C.J., and Vaitheswaran and McDonald, JJ.

**VAITHESWARAN, Judge.**

A mother appeals the termination of her parental rights to her child, born in 2014. She contends (1) the State failed to prove the grounds for termination cited by the district court and (2) termination was not in the child's best interests.

## I.    *Grounds for Termination*

The district court terminated the mother's parental rights pursuant to two statutory provisions. We may affirm if we find clear and convincing evidence to support either of the grounds. *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). We focus on Iowa Code section 232.116(1)(h) (2017), which requires proof of several elements, including proof the child cannot be returned to the parent's custody at the present time.

The department of human services became involved with the family after receiving reports the mother was using methamphetamine while caring for her children.[1] The mother agreed to have the child stay with his maternal grandmother. The mother subsequently tested positive for methamphetamine and failed to follow through with department-initiated voluntary services.

The State applied for a formal removal of the child from the mother's custody after she threatened to flee with him. The district court granted the application and later adjudicated the child in need of assistance.

The mother was separately the subject of a substance abuse civil commitment order. She failed to follow through with detoxification services. At the

---

[1] The mother's remaining children are not a subject of this appeal. The fathers of the children also are not party to this appeal.

same time, she curtailed contact with the department and failed to participate in approved visitation with her child. Her noninvolvement lasted for several months.

In time, the mother was admitted to an inpatient substance-abuse facility, where she exercised visitation with the child, including overnight weekend visitation. Arrangements were made to transfer the child to her care, under the supervision of facility staff. However, the mother consumed alcohol and was discharged from the facility before the transfer could be made.

The mother did not begin to provide negative drug tests until approximately one month before the termination hearing. She conceded she last used methamphetamine just two months before the termination hearing.

The department case manager expressed doubts as to the accuracy of the mother's recent results. She noted that a prescribed medication did not appear in the result and implied the urine samples may have been substituted. The mother countered that she was monitored while providing the samples. Accepting the mother's testimony, we nonetheless conclude the child could not be returned to her custody without more sustained efforts to address her addiction. As the case manager testified, "We're still dealing with the same issues that brought us into the case [eighteen] months ago." On our de novo review, we conclude the State proved by clear and convincing evidence that termination was warranted under section 232.116(1)(h).

## II.    *Best Interests of the Child*

Termination must serve the child's best interests. *In re M.W.*, 876 N.W.2d 212, 224 (Iowa 2016). Although the mother testified she loved her son and he

loved her, there was scant indication in the record that the mother was in a position to safely parent the child on a permanent basis.

We affirm the termination of the mother's parental rights to the child.

**AFFIRMED.**